CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN - 3 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL EDWARDS HANKINS,<br>Petitioner, | )<br>)<br>) Civil Action No. 7:07CV00485<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| CAROLE WALLACE, WARDEN OF<br>THE LUNENBURG CORRECTIONAL<br>CENTER,<br>Respondent. | )<br>)<br>)<br>) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Michael Edwards Hankins, a Virginia Department of Corrections inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, pursuant to Rule 5 of the Rules Governing Section 2254 Cases, to which Hankins filed a timely response, making the matter ripe for disposition. Upon careful review of the extensive state court records and the pleadings and exhibits submitted by the parties, I conclude that respondent's motion to dismiss must be granted.

### I. Factual and Procedural Background

On June 19, 2006, Hankins was indicted for grand larceny, in violation of Va. Code § 18.2-95. The evidence presented at Hankins' bench trial on July 21, 2006, in the Circuit Court for Pittsylvania County, indicates that Thomas Dawson, Hankins' neighbor, employed Hankins to do yard work on a regular basis. Dawson indicated at trial that he owned a Swisher brand weed trimmer, worth more than $200, and a Craftsman air compressor, worth more than $200, and that Hankins used both of these items when employed by Dawson and knew where they were stored. On March 8, 2006, Dawson noticed that the items were missing. March 5, 2006, was the last date that Dawson had seen the items. Bobby Neal testified that Hankins approached him the evening of March 5, 2006, and questioned Neal as to whether he knew of anyone who would be interested in

purchasing a weed trimmer. Neal suggested Ruth Griffin, a friend, and accompanied Hankins, with the weed trimmer, to Griffin's home.[1] Griffin testified that Neal and Hankins attempted to sell her the weed trimmer for $40, but that she declined to purchase the trimmer. Griffin subsequently relayed to Dawson that Hankins had approached her and attempted to sell her a weed trimmer. The weed trimmer was found in the woods several days later by Timothy Terry, Neal's neighbor, and returned to Dawson by a law enforcement officer. The air compressor was also subsequently returned to Dawson, this time by several of Hankins' family members. Hankins denied the allegations and presented alibi evidence at trial. Specifically, Hankins' mother and brother both testified that Hankins was at his mother's home the entire night of March 5, 2006.

At the conclusion of the bench trial, the judge accepted the Commonwealth's evidence and Hankins was ultimately convicted of grand larceny, in violation of Va. Code § 18.2-95 (Circuit Court Case No. CR06-000302-00). On August 30, 2006, Hankins was sentenced to a total term of incarceration of twenty years, with ten years suspended. By order entered October 3, 2006, the trial court denied Hankins' motion for an appeal bond.

Hankins' appeal to the Court of Appeals of Virginia was refused by per curiam opinion on March 7, 2007. Hankins contended in his appeal that the evidence was insufficient to support his grand larceny conviction. After reviewing the evidence, that court indicated:

> The trial court believed the Commonwealth's witnesses and rejected appellant's alternative hypothesis of innocence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 455 S.E.2d 730, 732 (1995) (citations omitted). We find no error with the trial court's

---

[1] Neal testified that Hankins subsequently offered him $100 to testify falsely at trial and inform the court that Hankins was not the man who attempted to sell the weed trimmer to Griffin. Neal's live-in girlfriend, Deborah Tuck, corroborated Neal's testimony.

credibility determination. Neal's testimony was corroborated in part by that of Tuck and Griffin. The evidence established appellant was in recent possession of stolen property. The Commonwealth's evidence was competent, was not inherently incredible, and sufficient to prove beyond a reasonable doubt that appellant was guilty of grand larceny.

(Resp't Mot. Dismiss, Ex. A at 11.) A demand for reconsideration by a three-judge panel was denied on March 30, 2007. On September 7, 2007, the Supreme Court of Virginia refused Hankins petition for appeal. Hankins did not file a state habeas petition. On October 11, 2007, Hankins filed the instant § 2254 petition claiming that the "trial court erred in finding that the evidence sufficiently showed beyond a reasonable doubt that [Hankins] possessed the necessary intent to prove grand larceny." (Pet. at 2.)

## II. Sufficiency of the Evidence Claim

Respondent admits that Hankins properly exhausted his state court remedies as to his sole claim. Therefore, I may address this claim under the standards set forth in 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Section 2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying the interpretation of this standard of review set forth by the Supreme Court of the United States in Williams v. Taylor, 529 U.S. 362, 413 (2000), a state court adjudication is "contrary

3

to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." See also Lovitt v. True, 403 F.3d 171 (4th Cir. 2005), cert. denied, 126 S. Ct. 400 (2005); Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (en banc).

A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Williams Court stressed that Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. Id.; Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); see also McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves).

In addition, a state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Tucker v. Osmint, 350 F.3d 433, 439 (4th Cir. 2003). When reviewing the sufficiency of the evidence on a federal habeas petition, "the critical inquiry . . . must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). The "relevant question is whether, after viewing the

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). In determining whether the Court of Appeals of Virginia reasonably applied these principles, I must determine whether the decision is minimally consistent with the record. Bell v. Jarvis, 236 F.3d 149, 159 (4th Cir. 2000).

Based upon the record evidence, I agree with respondent that there is sufficient evidence to prove Hankins' guilt beyond a reasonable doubt. In his petition, Hankins points to two discrepancies in Bobby Neal's trial testimony as support for his claim of insufficiency of the evidence. First, Hankins alleges that Neal's testimony at the trial concerning Neal's alleged contact with Hankins subsequent to the sale attempt of the weed trimmer was in direct conflict with his sworn testimony at a preliminary hearing. At trial, Neal testified that Hankins approached him and offered him $100 to testify falsely. At the preliminary hearing, Neal testified that Hankins informed him that restitution had been made, but made no mention of the bribe. Hankins further alleges that, at trial, Neal testified that he went to Ruth Griffin's door by himself to attempt to sell her the weed trimmer and that Hankins joined him at the door after she refused their initial offer to sell the trimmer for $40. Hankins claims that, at the preliminary hearing, Neal testified that he and Hankins approached the door together. Hankins also alleges that Griffin fabricated her testimony to protect Neal, the "main suspect in this crime," because they were "friends" and because "Bobby Neal lived with Mrs. Griffin's son, who is now deceased." (Pet'r Resp. at 3.) Finally, Hankins contends that he did not have a car to take the weed trimmer to Neal's place of residence. The transcript indicates that counsel raised all of these alleged discrepancies at trial and the trial court presumably took them all into consideration prior to his ruling. Absent a reasonable explanation, that court was free to infer

5

from Hankins' circumstantial possession of the items that he was guilty of grand larceny and to disregard his alibi testimony if he found the witnesses not to be credible.[2]

Accordingly, I find that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. The Court of Appeals' review of the evidence adduced at Hankins' trial established that Hankins had used Dawson's weed trimmer and air compressor in the past and that he knew where they were located. Neal testified that he accompanied Hankins to Griffin's home in an attempt to sell the weed trimmer. Griffin and Tuck's testimony supported this contention. Furthermore, the police recovered the weed trimmer from an area of woods in close proximity to Neal's home. Finally, Hankins' family members returned the air compressor. The Court of Appeals of Virginia found that the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that Hankins was guilty of grand larceny and, while there may have been some inconsistency in testimony, that court noted that the credibility of witnesses is a matter solely for the trial court. The Court of Appeals reasonably applied the proper standard of review, and its ruling, which is consistent with the evidence contained in the record, is entitled to deference under § 2254. Therefore, Hankins' § 2254 petition will be dismissed.

### III. Conclusion

Accordingly, I find that Hankins is not entitled to § 2254 relief. Respondent's motion to

---

[2] Under Virginia Code § 18.2-95, grand larceny includes "larceny not from the person of another of goods and chattels of the value of $200 or more." It is well-settled that a defendant's unexplained exclusive possession of recently stolen property permits an inference of larceny by the possessor. Winston v. Commonwealth, 497 S.E.2d 141, 147 (1998) (citing Best v. Commonwealth, 282 S.E.2d 16, 17 (1981)). "[P]ossession of goods recently stolen is prima facie evidence of guilt of the crime of larceny, and throws upon the accused the burden of accounting for that possession." Hope v. Commonwealth, 392 S.E.2d 830, 833 (1990) (en banc) (quoting Fout v. Commonwealth, 98 S.E.2d 817, 821 (1957)). Thus, the evidence of a defendant's recent possession of the stolen property, coupled with an unreasonable explanation of his obtaining of the property, supports a finding of guilt. Bright v. Commonwealth, 356 S.E.2d 443, 444 (1987).

6

dismiss will be granted and an appropriate Order issued this day. The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and to counsel of record for respondent.

ENTER: This 3rd day of January, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge

7

Case 7:07-cv-00485-JLK-mfu   Document 16   Filed 01/03/08   Page 7 of 7   Pageid#: 191